UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| VICKI CHASTEEN,<br><br>    Plaintiff,<br><br>HUMANA INSURANCE COMPANY,<br><br>    Intervening Plaintiff,<br><br>V.<br><br>HASTINGS MUTUAL INSURANCE COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 6:14-cv-00204-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Progressive Direct Insurance Company's ("Progressive") Motion to Not Participate at Trial [DE 31] and Humana Insurance Company's ("Humana") Motion to Intervene. [DE 44]. No response opposing either motion has been filed. For the following reasons, the Court will grant both motions.

**I. Motion to Not Participate at Trial**

In this case, Plaintiff Vicki Chasteen sued Defendant Steven Milanowski for damages she sustained in an automobile accident because of Milanowski's alleged negligence. [DE 31 at 1.] Chasteen has also made a claim against Progressive seeking underinsured motorist benefits under a policy she had with Progressive at the time of the accident. [DE 31 at 1.] Progressive argues that under Kentucky law it should not participate or be identified at trial because it has not been substituted as a party pursuant

to *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky. 1993)[1] and its progeny. Again, no party has filed a response opposing Progressive's motion.

*Coots*, which also involved motor vehicle accidents, established that when an injured party intends to settle with a tortfeasor and the tortfeasor's liability insurance carrier, the injured party's underinsured motorist coverage carrier ("UIM carrier") is permitted to preserve its subrogation rights against the tortfeasor by paying the injured party the proposed settlement amount. 853 S.W. 895 (Ky. 1993). This procedure is known as a "*Coots* settlement."[2] When such a settlement is made, the tortfeasor remains liable for indemnity to the UIM carrier, but is released from any further liability to the injured party. As a result, the UIM carrier "becomes the only real party with potential liability to the plaintiff," and should therefore be identified as a party at trial. *Earle v. Cobb*, 156 S.W.3d 257, 261 (Ky. 2004). The rationale is that naming the UIM carrier at trial when there is a *Coots* settlement eliminates the "legal fiction" in which "the trial is presented to the jury as a claim against the alleged tortfeasor, when, in reality, the plaintiff's only remaining claim is against the UIM carrier." *Id.*

However, when there is no *Coots* settlement, Kentucky law provides that the UIM carrier should not be identified at trial. *Mattingly v. Stinson*, 281 S.W.3d 796, 798-99 (Ky. 2009) ("We decline to extend the holding in *Earle* to those trials where the UIM carrier has not availed itself of the *Coots* procedure to subrogate its rights"). The Kentucky Supreme Court explained that "[w]hen the UIM carrier has not reached a *Coots* settlement with the tortfeasor, the tortfeasor remains primarily liable to the plaintiff. The UIM carrier

---

[1] For a detailed description of the effect of *Coots v. Allstate Ins. Co.*, see § 10:5.Mechanics of collection, and subrogation, Ky. Motor Veh. Ins. Law § 10:5 (2014-2015 ed.).

[2] The *Coots* procedure has also been codified at KRS § 304.39-320.

is only potentially liable, contingent upon a judgment in excess of the tortfeasor's own liability coverage. Because the tortfeasor remains a real party in interest, no legal fiction is created for the jury." *Id.* at 798. If no *Coots* settlement occurs, the UIM carrier does not substitute its liability for that of the defendant tortfeasor and should not be identified at trial. *Id.*

In this case, Chasteen has not reached a settlement agreement with Milanowski, the alleged tortfeasor, or Hastings Mutual Insurance Company. Therefore, Progressive has not yet had an opportunity to avail itself of the *Coots* procedure. Thus, as mandated under Kentucky law, the UIM carrier in this matter, Progressive, should not participate or be identified at trial. *Mattingly*, 281 S.W.3d at 798-99

Finally, Progressive's appearance at discovery depositions does not affect this outcome. Progressive's involvement in the depositions does not constitute a level of active participation in the case that would require it to be named at trial. *Akers v. Cross*, 2010 Ky. App. Unpub. Lexis 271 (holding that the UIM carrier did not actively participate where counsel for the UIM carrier posed several questions at a deposition); *Cf. Wheeler v. Creekmore*, 469 S.W.2d 559, 563 (Ky. 1971) (holding that a carrier actively participated and had to be named at trial because its counsel attended the trial and was an active participant in proceedings before the jury).

For these reasons and without any argument presented in opposition, Progressive's Motion to Not Participate at Trial should be granted. While Progressive will not be identified at trial, it will nevertheless be bound by the jury verdict with respect to damages and apportionment of fault, as specifically requested in its motion. [DE 31 at 2.]

## II. Motion to Intervene

Humana moved to intervene in this matter as a plaintiff. Humana is the health insurer for the Commonwealth of Kentucky Employees' Health Plan. [DE 44 at 2.] It paid medical and hospital bills on behalf of Plaintiff Chasteen that resulted from the accident at issue in this case and, under the terms of the health plan covering Plaintiff, Humana is subrogated to Plaintiff's claims for any amounts it paid on her behalf. [DE 44 at 2.] As there is no objection to Humana's motion, which appears to be well founded under Federal Rule of Civil Procedure 24(a) or (b), the Court will permit Humana to intervene.

Accordingly, **IT IS ORDERED** as follows:

1. Progressive's Motion to Not Participate at trial [DE 31] is **GRANTED**. It is further ordered that:

    i. Progressive shall not actively participate in the trial of this case, but all parties shall be bound by the jury verdict, as to the apportionment of fault and the amount of damages, subject to all proper post-trial motions or appeals and to the extent of the terms, conditions, and limits of Progressive's underinsured motorist coverage applicable herein.

    ii. Progressive shall not be required to comply with any pre-trial deadlines imposed by the Court concerning the underlying claims.

    iii. Progressive shall not be identified or mentioned to the jury as a Defendant in this case, and the parties actively participating in the trial are directed not to make any mention to the jury of Progressive or the nature, extent, or existence of any underinsured motorist coverage.

    iv. No identification or disclosure shall be made in the presence of the jury by any party, witness, or counsel as to the existence or identity of

      Progressive, nor shall any references be made to the existence of underinsured motorist coverage in any manner whatsoever.

  v. In the event that there is an offer of settlement by the other Defendants in this matter, and Progressive chooses to preserve its subrogation rights via the procedure set forth in *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895 (Ky. 1993), then Progressive shall be identified as a Defendant and shall be permitted to actively participate at trial pursuant to *Earle v. Cobb*, 156 S.W.3d 257 (Ky. 2004).

2. Humana's Motion to Intervene [DE 44] is **GRANTED** and the Clerk of the Court is **DIRECTED** to file Humana's proposed Intervening Complaint [DE 44, Exhibit 1] in the record.

Dated November 30, 2015.

*[Signature]*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY